IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEBORAH POWERS,<br>  Plaintiff, | ) <br> ) <br> ) | |
| | ) | 3:04-cv-362 |
| v. | ) | |
| | ) | Phillips |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>  Defendant. | ) <br> ) <br> ) | |

**MEMORANDUM OPINION**

This social security appeal is before the court for consideration of plaintiff's objection to the magistrate judge's report and recommendation [Doc. 15]. In the report and recommendation, United States Magistrate Judge H. Bruce Guyton found that the defendant Commissioner's decision that the plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed [Doc. 14]. He recommended the following: the plaintiff's motion for summary judgment [Doc. 8] be denied, the defendant Commissioner's motion for summary judgment [Doc. 12] be granted, and the case be dismissed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the decision of the administrative law judge (ALJ) be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989)

(citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.* (citation omitted).

In considering claimant's objection to the magistrate judge's ruling, the court has independently reviewed the entire record, including the report and recommendation, the ALJ's written decision, the transcript of the hearing, the hearing exhibits, relevant correspondence, and any relevant documents submitted after the hearing. This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the plaintiff objects. For the reasons stated below, the objection will be overruled.

Plaintiff objects to the magistrate judge's determination that the hypothetical question accurately portrayed her limitations regarding sitting and standing. Plaintiff asserts that the "inability to sit or stand for more than a total of four hours in an eight-hour workday," as found by the ALJ, yielded vocational expert (VE) testimony that all jobs would be eliminated.

The magistrate judge stated as follows:

> In the text of his decision, the ALJ specifically stated that he was accommodating for an inability to sit or stand "each" more than a total of four hours in an 8-hour workday.

Report and Recommendation at 7. This wording directly reflects the wording used by the Commissioner in her description of the residual functional capacity (RFC) adopted by the ALJ. However, the actual wording of both Finding 4 and the ALJ's discussion of the claimant's RFC in the text of his decision was characterized as follows:

> the inability to sit or stand more than a total of four hours in an 8-hour work day or longer than one hour at a time;...

Tr. 29, 31. Plaintiff asserts that it is speculative to conclude that the ALJ intended to include the word "each" which may then have yielded jobs. She contends this matter should be remanded pursuant to sentence four of 42 U.S.C. § 405(g) or, in the alternative, sentence six of 42 U.S.C. § 405(g), for consideration of new and material evidence.

At the hearing held on November 20, 2002, the VE named light jobs including door greeter, garment sorter, ticket taker and packager. The ALJ then asked the VE to assume hypothetically that the claimant "would not be able to sit or stand in total – any more than a total of four hours in a regular eight-hour workday." The VE responded, "[s]pecifically at that point, she would be unable to perform a standard workday and 40-hour work week, and, in my opinion, she would be unable to perform gainful activity at that level" [Tr. 695-696].

The ALJ's findings do appear to be somewhat inconsistent. Also, the VE indicated that there were no jobs an individual could perform if she worked less than a

3

standard work day.  However, the court finds that in the context of the ALJ's decision to deny benefits, he reasonably contemplated plaintiff as capable of performing full time work.  The evidence of record did not support the extreme limitations argued by the plaintiff.  An ALJ is entitled to rely upon the testimony of a VE in response to a hypothetical question where the question accurately portrays the claimant's limitations and was supported by the record evidence.  *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (VE testimony in response to a hypothetical question which accurately portrays plaintiff's limitations constitutes substantial evidence upon which the ALJ may rely).  As the VE had testified to a significant percentage of jobs in the national economy that plaintiff could perform, the ALJ reasonably relied on the VE's testimony in denying benefits.

Substantial evidence supports the ALJ's decision that plaintiff was not disabled, and plaintiff has not established a proper basis for reversal or remand.  Accordingly, plaintiff's objection to the report and recommendation will be overruled.  Her motion for summary judgment [Doc. 8] will be denied; the defendant Commissioner's motion for summary judgment [Doc. 12] will be granted; the Commissioner's decision denying benefits will be affirmed; and this case will be dismissed.

**ORDER TO FOLLOW.**

**ENTER:**

s/Thomas W.  Phillips
					**UNITED STATES DISTRICT JUDGE**